davidluceple

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for the United States of America

ORIGINAL

FILED
DISTRICT COURT OF GUAM
SEP 23 2005
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 04-00046 |
| Plaintiff, ) | |
| vs. ) | **PLEA AGREEMENT** |
| DAVID D. LUCE, ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, DAVID D. LUCE, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count II of an Indictment charging him with Sexual Exploitation of Minors, in violation of Title 18, United States Code, § 2252(a)(1) and Count III charging him with Sending Obscene Visual Representations of the Sexual Abuse of Children, in violation of Title 18, United States Code, § 1466A(a)(1). The government will move to dismiss Count I upon sentencing..

2. The defendant, DAVID LUCE, understands and agrees that any and all computers and other property used by him to facilitate the crimes charged in Counts II and III will be forfeited to the United States.

3. The defendant, DAVID LUCE, understands that the <u>maximum</u> sentence for Sexual Exploitation of Minors in violation of Title 18, U.S.C. § 2252(a)(1) is a term of twenty (20) years imprisonment, with a mandatory minimum term of five (5) years incarceration, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

The defendant, DAVID LUCE, understands that the <u>maximum</u> sentence for Sending Obscene visual Representations of the Sexual Abuse of Children, in violation of Title 18, U.S.C. § 1466(A)(a)(1) is a term of twenty (20) years imprisonment, with a mandatory minimum term of five (5) years incarceration, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

Defendant understands that these terms of incarceration may run consecutively.

4. The defendant understands that to establish a violation of Sexual Exploitation of Minors as charged pursuant to 18 U.S.C. § 2252(a)(1), the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>: that the defendant knowingly transported or shipped a visual depiction in interstate commerce by any means, including a computer;

<u>Second</u>: that the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

<u>Third</u>: that such visual depiction was of a minor engaged in sexually explicit conduct;

-2-

Case 1:04-cr-00046    Document 16    Filed 09/23/2005    Page 2 of 5

Fourth: that the defendant knew that such visual depiction was of sexually explicit conduct; and

Fifth: the defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

Defendant understands that acts which fall within the meaning of "sexually explicit conduct" are those acts listed in 18 U.S.C. § 2256(2).

The defendant understands that to establish a violation of Sending Obscene Visual Representations of the Sexual Abuse of Children as charged pursuant to 18 U.S.C. § 1466(A)(a)(1), the government must prove each of the following elements beyond a reasonable doubt:

First: that the defendant knowingly distributed, or possessed with the intent to distribute, a visual depiction in interstate or foreign commerce by any means, including a computer;

Second: that defendant knew said visual depiction was of a minor engaging in sexually explicit conduct which was obscene, or

Third: that defendant knew such visual depiction was or appeared to be, of a minor engaging in sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, and lacked serious literary, artistic, political, or scientific value.

5. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1956, and is a citizen of the United States.

(b) Between August 14 and October 25, 2004, defendant, a resident of Alabama, engaged in electronic communications through his computer with an individual on Guam whom he believed to be a thirteen-year-old girl. During the course of 114 email communications, defendant intentionally and knowingly used his computer to transmit to Guam more than 10 but less than 150 visual depictions which used minor children engaged in sexually explicit conduct, both with adults and with other children. Defendant knew these images depicted minor children engaged in sexually explicit conduct, including genital-genital, oral-genital, and anal-genital

-3-

intercourse. Defendant knew that at least one of the persons in each of these images was a minor child. He knew these images were obscene and lacked any serious literary, artistic, political or scientific value.

(c) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

6. In exchange for the Government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. He agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines. The defendant agrees that the government has bargained for a criminal conviction arising from his conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

7. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) His right to be represented by an attorney;

(c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

-4-

(d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendations of the government or his counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

(g) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

(h) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 9/21/05

DAVID D. LUCE
Defendant

DATED: 9/21/05

JOHN T. GORMAN
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 9/22/05    By:

KARON V. JOHNSON
Assistant U.S. Attorney

DATED: 9-23-05

RUSSELL C. STODDARD
First Assistant U.S. Attorney

-5-